IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL NO. H-02-668 |
| | § | |
| RONALD NORMAN | § | |

**ORDER**

Ronald Norman was convicted in 2004 of conspiracy to possess 50 grams or more of cocaine base with the intent to distribute it, as well as aiding and abetting. He received a 120-month sentence. Norman has asked this court to assist him in enrolling in the Bureau of Prisons Residential Drug Abuse Program (RDAP) within the next five months, because he will become ineligible if he does not begin the program at least 24 months before his scheduled release date. Norman states that he is a "high-security inmate waiting to be transferred" from a medium-security facility to a high-security facility and that the RDAP is not offered in high-security facilities. Norman asserts that it is "not an inmate's fault that the Bureau of Prisons does not offer the Residential Drug Abuse Program at high-security facilities" and that it is discriminatory to withhold the program from a class of inmates. (Docket Entry No. 239).

The BOP provides residential substance abuse treatment for eligible prisoners, subject to the availability of appropriations. 18 U.S.C. § 3621(e)(1). An "eligible prisoner" is one who is "determined by the Bureau of Prisons to have a substance abuse problem," and who is "willing to participate in a residential substance abuse treatment program." 18 U.S.C. § 3621(e)(5)(B)(i) and (ii). As an incentive for the successful completion of the residential treatment program, the BOP may, in its discretion, reduce an inmate's sentence by up to one year. 18 U.S.C. § 3621(e)(2); *see*

*also Lopez v. Davis,* 531 U.S. 230, 121 S.Ct. 714, 148 L.Ed.2d 635 (2001).  Sections 3621(b) and (e) clearly state that determining which prisoners are eligible for substance abuse treatment is within the sole discretion of the BOP, as is the decision to reduce a prisoner's sentence by up to one-year on the successful completion of such programs.  Under 18 U.S.C. § 3625, Congress has specifically excluded these subsections from judicial review under the Administrative Procedures Act ("APA").  *See Davis v. Beeler,* 966 F.Supp. 483, 489 (E.D. Ky. 1997).

There is no due process claim in the lack of opportunity to participate in the RDAP because a prisoner has no constitutional right in being released before the completion of a valid sentence. *Id.; see also Sandin v. Conner,* 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995).  There is no constitutionally protected liberty interest in early release under 18 U.S.C. § 3621(e) for completing the RDAP.  *See Cook v. Wiley,* 208 F.3d 1314, 1322-23 (11th Cir. 2000); *Venegas v. Henman,* 126 F.3d 760, 765 (5th Cir.1997); *Jacks v. Crabtree,* 114 F.3d 983, 986 n. 4 (9th Cir. 1997); *Fonner v. Thompson,* 955 F.Supp. 638, 642 (N.D. W. Va.1997).  Courts have also rejected equal protection claims, which require a showing that an inmate "has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty,* 239 F.3d 648, 654 (4th Cir.2001).  Norman states that no high-security inmate is allowed to participate in RDAP, not that he has been subject to disparate treatment.

Finally, Norman cannot complain about his classification.  The general rule is that the Due Process Clause does not confer any right on an inmate to any particular custody or security classification. *Moody v. Daggett,* 429 U.S. at 88; *Montanye v. Haymes,* 427 U.S. 236, 242, 96 S.Ct. 2543, 49 L.Ed.2d 466 (1976).  The Constitution does not confer on inmates a liberty interest in

retaining or receiving any particular security or custody status "[a]s long as the [challenged] conditions or degree of confinement is within the sentence imposed . . . and is not otherwise violative of the Constitution." *Hewitt v. Helms,* 459 U.S. 460 at 468 (1983). The Due Process Clause requires only that inmates' conditions of confinement be consistent with their sentence. *Id.* at 468. In short, prisoner classification in federal prisons is not directly subject to due process protections. *Bulger v. U.S. Bureau of Prisons,* 65 F.3d 48 (5th Cir. 1995).

    Norman's request for relief is denied.

    SIGNED on May 12, 2009, at Houston, Texas.

                                                Lee H. Rosenthal
                                      United States District Judge